IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WENDAL MILLS, #11082752,  §<br>Plaintiff,  § <br> § | | |
| v.  § | 3:12-CV-1215-L-BK | |
| § | | |
| JOHN DOE, et al.,  § <br>Defendants.  § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
<u>**OF THE UNITED STATES MAGISTRATE JUDGE**</u>

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was automatically referred to the United States Magistrate Judge. For the reasons that follow, it is recommended that this action be dismissed with prejudice as frivolous, and that Plaintiff be barred from filing future non-habeas actions *in forma pauperis* in this Court without first seeking leave.

**I.  BACKGROUND**

Plaintiff, a detainee at the Dallas County Jail, filed an amended, *pro se,* civil rights complaint under 42 U.S.C. § 1983 against John Doe Defendants and the Dallas Police Department. (Doc. 5.) The Court granted Plaintiff's motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening.

The amended complaint is difficult to decipher. Plaintiff appears to seek "financial relief in the millions" because Dallas Police Officials have "premeditate[d] incidents that have left [him] incarcerated the latter part of the last 5 years or so, and that have destroyed [his] professional boxing fight career." (Doc. 5 at 3, 6.) He explains that, from 1989 to 1995, he was a member of the Dallas Police Athletic League Boxing Team and trained as a boxer. *Id.* at 6.

Plaintiff also claims that unidentified individuals are "committing crimes against him [by] us[ing] Radio, TV, Prints [*sic*] and Movie Mediums, and the Recording Industry." *Id.* at 10.

## II.  ANALYSIS

### A.   Merits Review

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b).  Those statutes provide for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A court may dismiss a complaint as frivolous when it is based on an indisputable meritless legal theory or when the factual contentions are "clearly 'baseless.'" *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  The latter category encompasses allegations that describe "fanciful, fantastic, and delusional" scenarios, or that "rise to the level of the irrational or the wholly incredible." *Id.* at 33.

Here, Plaintiff's claims against the Dallas Police Department and John Doe Defendants are factually frivolous.  His allegations that unidentified individuals are committing crimes against him and fabricating incidents to keep him incarcerated and destroy his boxing career, describe fantastic or delusional scenarios that are clearly irrational and incredible.  Therefore, Plaintiff's complaint should be dismissed with prejudice as frivolous. *See Mills v. U.S. Government*, No. 3:11-CV-1428-L, 2011 WL 3347919 (N.D. Tex. Jul. 13, 2011), *accepting recommendation*, 2011 WL 3347906 (N.D. Tex. Jul. 29, 2011) (dismissing complaint as factually frivolous because it alleged that unidentified individuals "use[d] technology" nationally and

internationally to watch and control him and to commit crimes against him).

**B.     Sanction**

In July 2011, the Court warned Plaintiff that sanctions may be imposed if he insists in filing frivolous claims. *See Mills*, 2011 WL 3347906, at *1. Because the present action clearly disregards the Court's prior order, Plaintiff should be barred from filing future *in forma pauperis* nonhabeas actions in this Court unless accompanied by a motion for leave to file. "Although the judicial system is generally accessible and open to all individuals, abuse of the process may result in actions to protect the courts' ability to effectively control the numerous matters filed therein." *Kaminetzky v. Frost Nat. Bank of Houston*, 881 F.Supp. 276, 277 (S.D. Tex. 1995).

### III.  RECOMMENDATION

For the foregoing reasons, it is recommended that this action be **DISMISSED** with prejudice as frivolous under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and that Plaintiff be **BARRED** from filing future non-habeas, *in forma pauperis* actions in this Court without first seeking leave to file. Since Plaintiff is presently incarcerated, the dismissal of this case will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[1]

---

[1] Section1915(g), which is commonly known as the "three-strikes" provision, provides:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

SIGNED May 3, 2012.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

     A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE